## JAMES CALDWELL, v. WILLIAM CALDWELL, &c.

**Wills—Construction.**

The fact that the testator devised to James five dollars as his share of the estate, does does not argue that he no longer recognized· him as a child, nor that he did not intend him to share equally with his other children in such balance as might remain of the special provision made for the wife.

APPEAL FROM CAMPBELL CIRCUIT COURT.

January 17, 1872.

OPINION OF THE COURT BY JUDGE LINDSAY:

Alexander Caldwell, by his last will and testament, after disposing of the greater portion of his real estate by special devises, provides that his stock in the Newport & Alexander turnpike road shall be held by his executor, the income to go to his wife during her natural life, and at her death to be equally divided between his five children, William, Daniel, Henry, Mary and Esther. To the same five of his children he gave his two slaves Hanna and Ben. He then goes on to say that "To my son James, I give and bequeath the sum of five dollars, as his share of my estate." "I give, bequeath and devise all the rest, residue and remainder of my real and personal estate to my wife during her natural life, said property to be left in the hands of my executors for her benefit, said executors to dispose of as much of said property as they think proper, and to use the proceeds for the benefit of my wife, as she needs the same, and at her death to be equally divided between my heirs.

Whether the balance of the estate embraced in this last devise, remaining at the death of the testator's widow, passes to his heirs

as devisees, or as heirs at law is a matter of but little consequence. His six children are his legal heirs, and they take this residue equally, whether they take under the law of descent or under the provisions of the will.

The fact that the testator devised to James five dollars as his share of the estate, does not argue that he no longer recognized him as a child, nor that he did not intend him equally with his other children, to share in such balance as might remain of this special provision made for his wife.

To William, Daniel, Henry, Mary and Esther, the turnpike stock and slaves were given, to James five dollars in money. The residue of his estate was given to his wife for life, with remainder to his heirs, the same person to whom he had therefore made specific devises, one of these persons was James. His action against the executors to recover his portion of this fund should not have been dismissed.

The court should have taken the necessary steps to ascertain what amount of this devise remained in the hands of the executors, and rendered judgment in favor of appellant for one-sixth of such amount. Judgment reversed and cause remanded for further proceedings consistent herewith.

*Hodge,* for appellant.
*R. T. Baker,* for appellees.